IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO MARTINEZ, § | | |
| TDCJ No. 2067337, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-1630-M-BN | |
| § | | |
| LORIE DAVIS, Director § | | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Roberto Martinez, a Texas prisoner, filed, in the Western District of Texas, a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, again collaterally attacking his September 17, 2014 Dallas County conviction for failure to register as a sex offender – enhanced. *See* Dkt. No. 1 at 2; Dkt. No. 4 at 1; *see also State v. Martinez*, No. F14-00302-J (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.).

After Martinez's petition was transferred to this district, *see* Dkt. No. 4, this case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. And, because Martinez's current application is an unauthorized successive habeas petition, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

The criminal judgment that Martinez now challenges was affirmed as modified on direct appeal in 2015. *See Martinez v. State*, No. 05-14-01238-CR, 2015 WL

6750812 (Tex. App. – Dallas Nov. 4, 2015, pet. ref'd). And the Texas Court of Criminal Appeals ("CCA") refused Martinez's petition for discretionary review on April 6, 2016. *See Martinez v. State*, No. PD-1590-15 (Tex. Crim. App.).

Martinez, proceeding *pro se*, then sought state habeas relief but filed that application no sooner than July 24, 2018, the date that he signed it. *See Ex parte Martinez*, W14-00302-J(A) (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.). The CCA denied the application without written order on the trial court's findings without a hearing, on November 7, 2018. *See Ex parte Martinez*, WR-89,055-01 (Tex. Crim. App.).

And Martinez's initial Section 2254 application was denied as time barred. *See Martinez v. Davis*, No. 3:19-cv-787-B-BN, 2019 WL 3324302 (N.D. Tex. June 28, 2019), *rec. accepted*, 2019 WL 3322169 (N.D. Tex. July 24, 2019).

Martinez again alleges errors in the state criminal proceedings. *See* Dkt. No. 1 at 6, 11-16, 21-23.

Martinez's claims are difficult to decipher. But, if he also raises allegations related to the conditions of his confinement or a disciplinary proceeding within the Texas Department of Criminal Justice, *see id.* at 22, those claims may not be mixed in with the successive attacks on his underlying conviction and sentence (which, for the reasons explained below, the Court currently lacks jurisdiction to consider) and should be raised, as appropriate, in a separate habeas application or civil action.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C.

§ 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Martinez's current claims are predominantly an attack on his underlying conviction. *See, e.g.,* Dkt. No. 4 (order of transfer) at 1 ("Because Petitioner was convicted and sentenced in Dallas County and his petition – particularly the claims raised in his supporting memorandum – challenges the constitutionality of this conviction, this case is more properly brought in the Dallas Division of the Northern District of Texas."). More to the point, these claims allege defects in that conviction that "existed ... at the time of the prior [federal] petition ... even if the legal basis for the [current] attack was not" known to Martinez when he filed the initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222. He is therefore currently attempting to present claims that are successive. *See id.* at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to

assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual predicate* not previously discoverable are successive.").[1]

Martinez's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court should cure this want of jurisdiction by transferring the application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

**Recommendation**

The Court should transfer the successive habeas application to the United

---

[1] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE